RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JOANNE L. DIAMOND
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Joanne_Diamond@fd.org

Attorney for Joshua A. Martinez

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00219-APG-DJA |
| Plaintiff, | **MOTION TO MODIFY CONDITIONS OF RELEASE** |
| v. | |
| JOSHUA A. MARTINEZ, | |
| Defendant. | |

    Joshua Martinez respectfully moves the Court to modify his conditions of release to remove the condition of home detention and replace it with a curfew.

    On September 10, 2021, the Court ordered Mr. Martinez's release on a personal recognizance bond with certain conditions, including home detention with GPS monitoring. ECF No. 13 at 5. Mr. Martinez moves the Court to modify his bond conditions to remove the home detention condition and replace it with a curfew, with the curfew hours to be set by Pretrial Services. Mr. Martinez is not requesting any modification to the extensive travel restriction conditions of his bond and understands those conditions will remain in effect. *See* ECF No. 13 at 6.

The Bail Reform Act permits the judicial officer who presided over the bail hearing to "at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). The BRA mandates that, after determining an individual can be released on conditions, the judicial officer release the individual "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). "Section 3142 does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight" or guarantee the safety of the community. *United States v. Chen*, 820 F.Supp. 1205, 1208 (N.D. Cal. 1992).

Here, home detention is no longer the "least restrictive" condition that will reasonably assure Mr. Martinez's future appearance or the safety of any other person and the community. Mr. Martinez has been on pretrial release for 6 months. He has complied with all conditions of his pretrial release and has not incurred any violations. To the extent home detention was imposed to address Mr. Martinez's risk of future non-appearance, or a perceived risk to the safety the community or any other person, specifically Deputy DA Michael Dickerson or Detective Ken Mead, *see* ECF No. 13 at 6, other conditions adequately address these concerns now that Mr. Martinez has demonstrated that he will abide by the terms of any release.

Counsel has spoken with Pretrial Services concerning this issue. Pretrial Services support the requested modification.

The government objects to the requested modification.

DATED this 25th day of March, 2022.

                RENE L. VALLADARES
                Federal Public Defender

By: */s/ Joanne L. Diamond*
        JOANNE L. DIAMOND
        Assistant Federal Public Defender
        Attorney for Joshua A. Martinez

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA A. MARTINEZ,<br><br>　　　　Defendant. | Case No. 2:21-cr-00219-APG-DJA<br><br>**ORDER** |

　　　IT IS THEREFORE ORDERED that Mr. Martinez's conditions of release be modified to remove the home detention condition and replace it with a curfew, with the curfew hours to be set by Pretrial Services.

　　　DATED this ____ day of_____ 2022.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4