CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
DANIEL R. SCHIESS
Assistant United States Attorney
Nevada Bar No. 5483
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
dan.schiess@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Joshua A. Martinez,<br><br>　　　　　Defendant. | 2:21-cr-00219-APG-DJA<br><br>**Government's Response to Defendant's Motion to Modify Conditions of Pretrial Release (ECF 25)** |

**CERTIFICATION:** This response is timely filed.

　　　The Court should deny defendant Joshua Martinez's motion to modify his pretrial release conditions because he presents no new information in support of his motion as required by 18 U.S.C. § 3142(f). ECF 25. Rather, he argues that the Court should modify his conditions because he is in compliance with his pretrial release conditions. But that is not new information cognizable under 18 U.S.C.

§ 3142(f). Moreover, defendant presents the same risk of danger to others that he presented when the conditions were imposed.

## POINTS AND AUTHORITIES

The Bail Reform Act requires judicial officers to impose the least restrictive release conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The factors to be considered in determining whether to impose conditions of release include: (1) the nature and seriousness of the offense charged, (2) the weight of the evidence, (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history related to drugs and alcohol abuse, and criminal history, and (4) the nature and seriousness of the danger to another person or the community posed by defendant's release. 18 U.S.C. § 3142(g). Courts also consider these factors when deciding whether to modify conditions of pretrial release. *United States v. Wei Seng Phau,* 2015 WL 127715 at *1 (D. Nev. Jan. 8, 2015) (2:14-cr-00249-APG-PAL).

Pursuant to Section 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release." *Id.* at *2. The party requesting modification must "establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness." 18 U.S.C. § 3142(f). *See also United States v. Phua*, 2015 WL

1  127715at *2. But a defendant's compliance with release conditions is not new
2  information cognizable under 18 U.S.C. § 3142(f). *United States v. Kube*, 2020 WL
3  1984178, at *5 (E.D.Ca. Apr. 27, 2020). The *Kube* court explained that "[t]he fact
4  that Defendant has complied with his conditions of release is what allows him to
5  remain out of custody and is not new information that has a material bearing on
6  his conditions to reopen the detention hearing." Id. Further, the *Kube* court
7  reasoned that "[i]t is presumed that the defendant will abide by the conditions
8  imposed and his demonstrated ability to do so is what allows him to remain on
9  pretrial release." *Id*.

10  Defendant presents no new information that would allow the Court to
11  modify his pretrial release conditions. Rather, defendant merely argues a non-
12  cognizable fact – that he is in compliance with his release conditions. Given this
13  deficiency, the Court should deny his motion to modify his conditions.

14  Furthermore, the Court should deny his motion because defendant presents
15  the same risk of danger to Deputy DA Michael Dickerson and Detective Ken Mead
16  that he did when the Court imposed the original conditions, s*ee* ECF 13 at *6, as
17  well as other concerns that supported imposition of the original conditions.
18  Moreover, the present conditions are the least restrictive conditions that can
19  imposed to address the existing concerns.

20  In conclusion, the Court should deny defendant's motion to modify his
21  pretrial release conditions because defendant has failed to present new
22  information supporting his motion. Additionally, defendant continues to present a
23

risk of danger to Deputy DA Michael Dickinson and Detective Ken Mead, and the present conditions are the least restrictive conditions that can meet the goals of Section 3142.

**DATED** this 4th day of April, 2022.

    Respectfully,

    CHRISTOPHER CHIOU
    Acting United States Attorney

    */ s / Daniel R. Schiess*
    _____
    DANIEL R. SCHIESS
    Assistant United States Attorney