**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSHUA MARTINEZ,<br><br>                    Defendant. | Case No.: 2:21-cr-00219-APG-DJA<br><br>**ORDER**<br><br>[Docket No. 25] |

Pending before the Court is Defendant Joshua Martinez's motion to modify conditions of pretrial release. Docket No. 25. The Court has considered Defendant's motion and the United States' response. Docket Nos. 25, 26. No reply was filed. *See* Docket.

The Court ordered Defendant released on a personal recognizance bond subject to pretrial release conditions on September 10, 2021. *See* Docket No. 13. Two of the conditions the Court imposed was home detention and GPS monitoring. *See id.* at 4. Defendant now asks the Court to modify these two conditions and replace them with a curfew instead, to be determined by Pretrial Services. Docket No. 25.

Defendant submits that he has been on pretrial release for six months and has complied with all of his release conditions without violation. *Id.* at 2. Defendant further submits that United States Pretrial Services stated that it supports his requested modification. *Id.* at 3. Therefore, Defendant asks the Court to modify these two conditions and replace them with a curfew. *Id.* at 1.

In response, the United States asks the Court to deny Defendant's request. Docket No. 26. The United States submits that Defendant's submission that he is compliant with his current conditions is not new information warranting a reconsideration of the imposed pretrial release conditions under 18 U.S.C. § 3142(f). *Id.* at 1-2. The United States further submits that Defendant still presents the same risk of danger to others, specifically Deputy District Attorney Michael

1

Dickerson and Detective Ken Mead that he did when his original conditions were imposed. *Id.* at 2-3.

At Defendant's detention hearing, the Court found that the conditions it imposed, including the conditions of home confinement and GPS monitoring, were the least restrictive conditions to reasonably assure both the safety of the community and the appearance of Defendant as required, as required by 18 U.S.C. § 3142. Docket Nos. 6, 13. Nothing in Defendant's motion persuades the Court that the conditions it imposed are no longer the least restrictive conditions of release.

Accordingly, Defendant's motion to modify conditions of pretrial release, Docket No. 25, is **DENIED**.

IT IS SO ORDERED.

DATED: April 28, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE