# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00219-APG-DJA-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOSHUA A. MARTINEZ, *et al.*, | |
| Defendants. | |

On September 1, 2021, a grand jury returned an Indictment charging Defendant Joshua A. Martinez with two counts of felon in possession of a firearm, and two counts of felon in possession of ammunition. (ECF No. 1.) Before the Court[1] is Martinez's motion for inspection and copying of grand jury records as to the District of Nevada's Model Jury Plan Section 5.04 under 28 U.S.C. § 1867(f), the Jury Selection and Service Act of 1968 ("JSSA"). (ECF No. 57 ("Motion").)[2] Because the JSSA grants criminal defendants the right to access jury selection records in preparation for a fair cross-section challenge, and Martinez states he is preparing to make one if the records suggest such a challenge would be meritorious, the Court will generally grant the Motion. However, to the extent Martinez

---

[1] United States District Judge Andrew P. Gordon referred the Motion to the Court in its capacity as Chief District Judge under Section 5.04 of the Amended Jury Plan for the District of Nevada. (ECF No. 59.) That section provides:

> Applications to inspect Jury Selection Process records to determine the validity of the selection of any jury must be made by motion to the Chief Judge and must set forth why disclosure should be allowed.

Amended Jury Plan for the District of Nevada at 15, Section 5.04 (Adopted Jan. 25, 2017), https://www.nvd.uscourts.gov/wp-content/uploads/2020/07/9th-Amended-Jury-Plan-Nevada-1-25-2017.pdf. Section 1.03 defines "Jury Selection Process" to include "all activities associated with the master and qualified jury wheels relating to the random selection, qualification, summoning, and service of grand and petit jurors. (*Id.* at Section 1.03.)

[2] The government filed a response, in which it generally states it does not oppose the Motion subject to a few conditions. (ECF No. 60.)

is asking the Clerk of Court to answer specific questions or produce unavailable information, the Motion is denied.

Martinez requests access to jury records under Section 1867(f) of the JSSA. (ECF No. 57 at 2.) The JSSA provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." *See* 28 U.S.C. § 1861. The Sixth Amendment similarly guarantees criminal defendants an 'impartial jury' which includes the right to have a jury selected from a fair cross-section of the community. *See Taylor v. Louisiana,* 419 U.S. 522, 528-31 (1975). To support a fair cross-section claim under the JSSA, Section 1867(f) states:

> "the contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion under . . . this section. . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."

28 U.S.C. § 1867(f). In *Test v. United States*, the Supreme Court held that the plain text of Section 1867(f) gives defendant an "essentially . . . unqualified right to inspect jury lists . . . in the preparation of motions challenging jury-selection procedures." 420 U.S. 28, 30 (1975) (footnotes omitted). The Court reasoned that the right to inspect is not only required by the plain language, but the overall purpose of the statute—to ensure juries are selected from a fair cross-section of the community. *See id.* Moreover, access to records cannot be conditioned on a showing of a probability of success on the merits of a later jury-selection challenge, but rather defendants need only demonstrate intent to prepare a motion to challenge. *See United States v. Beaty*, 465 F.2d 1376, 1381-82 (9th Cir. 1972).

Martinez seeks 20 categories of answers and records under *Test* and its progeny because he alleges that he intends to prepare a fair-cross-section challenge to the grand jury that indicted him. (ECF No. 57 at 2.) The government does not oppose Martinez's Motion provided that, "the access is limited to records that are available to the Clerk of

Court at this time, defendant may not request the Clerk of Court answer questions, and the Clerk of Court be directed to take necessary measures to ensure individual juror privacy is protected as to any information disclose pursuant to Court order." (ECF No. 60 at 3.) The Court agrees that these limitations are appropriate and consistent with other orders the Court has issued on analogous motions, including in *United States v. Knight*, Case No. 3:19-cr-00038-MMD-CLB-1, ECF No. 68 (D. Nev. Oct. 20, 2020), subsequently affirmed on appeal, *see id.*, ECF No. 217.

But that said, the Court grants the Motion and authorizes the Clerk of Court to provide available information in response to the categories of requests listed in Martinez's Motion to the extent there is such information—with the following limitations. First, records will be provided in the form that is available, and if options exist for the records to be provided in an alternative format, the Clerk of Court has full discretion to determine the proper format.  Second, unless the records pertain to the District in general, the records provided will be limited to the Las Vegas Jury Division. Third, the Clerk of Court must redact personally identifiable information to protect the identity of grand jurors or those who were summoned to participate in the grand jury selection process, before producing any information to Martinez's counsel. Similarly, all personally identifiable information must be redacted from the records provided before production. Fourth, and finally, Martinez's counsel may not request that Clerk's Office employees answer specific questions.

It is therefore ordered that Martinez's motion for motion for access to jury selection records and materials (ECF No. 57) is granted in part, and denied in part, as specified herein.

It is further ordered that it is Martinez's counsel's responsibility to obtain the information authorized herein from the Clerk's Office (in particular the jury coordinator for the unofficial southern division of the District of Nevada). Because of the potential burden on Clerk's Office staff associated with gathering the information authorized herein, the

Clerk's Office may provide the records within a reasonable time from the time that Martinez's counsel contacts it.

DATED THIS 17th Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE