1  RENE L. VALLADARES
   Federal Public Defender
2  Nevada State Bar No. 11479
   JOANNE L. DIAMOND
3  Assistant Federal Public Defender
   411 E. Bonneville, Ste. 250
4  Las Vegas, Nevada 89101
   (702) 388-6577
5  Joanne_Diamond@fd.org

6  Attorney for Joshua Martinez

7               **UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF NEVADA**

9  | UNITED STATES OF AMERICA, | Case No. 2:21-cr-00219-APG-DJA |
   |---|---|
   | Plaintiff, | **Order granting the Motion for Leave to File Exhibits Under Seal** |
   | v. | |
   | JOSHUA MARTINEZ, | |
   | Defendant. | |

        Mr. Martinez moves the Court for leave to file Exhibits C and D to his sentencing memorandum under seal because they contain highly sensitive information.

**Points and Authorities**

The Ninth Circuit has addressed the standard required to obtain sealing of judicial record. In *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), the Court focused on the delineation between dispositive filings (and related attachments) and non-dispositive filings (and related attachments). The party seeking redaction or sealing of judicial records for non-dispositive filings must show good cause. *Id.* For dispositive filings, the moving party must show "compelling reasons" to seal or redact. *Id.* at 1179-80. Although *Kamakana* does not necessarily control for sentencing memoranda, Mr. Martinez submits good cause exists for filing Exhibits C and D under seal because they contain highly sensitive, confidential medical information.

Even if this Court holds Mr. Martinez to the more stringent "compelling reasons" standard, *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1178), the Court should still grant his motion. Under this standard, the Court is required to "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (citations and quotation marks omitted, alteration in original). Examples of compelling reasons include "when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon v. Warner Communications, Inc*, 435 U.S. 589, 598–99 (1978)). The information at issue here is even more sensitive because it concerns confidential medical data. *See Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 433, 9th Cir.) ("Although the public's right of access to documents

produced in litigation is long established and has been given great weight from the time of the equity courts in England, courts have likewise given serious consideration to privacy interests of those involved.")

### Conclusion

Mr. Martinez respectfully requests that Exhibits C and D to his sentencing memorandum be filed under seal and remain under seal.

DATED: September 11, 2024.

                                              Respectfully submitted,
                                              RENE L. VALLADARES
                                              Federal Public Defender

                                    By:  */s/Joanne L. Diamond*
                                              JOANNE L. DIAMOND
                                              Assistant Federal Public Defender
                                              Attorney for Joshua Martinez

IT IS SO ORDERED:

Dated: September 12, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3